

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED  LAFAYETTE

JAN 29 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAFAYETTE DIVISION

| | | |
|---|---|---|
| **BRUCE J. FALCON** | * | CIVIL ACTION NO.: |
| | * | 6:12-CV-02358 |
| | * | |
| **VERSUS** | * | JUDGE:  HAIK |
| | * | |
| | * | |
| **OFFICER MARK VENABLE,** | * | MAGISTRATE JUDGE: HANNA |
| **In His Individual Capacity,** | * | |
| **OFFICER REGINALD HILTS,** | * | |
| **In His Individual Capacity  and** | * | JURY TRIAL DEMANDED |
| **THE CITY OF SCOTT,** | * | |
| **LOUISIANA** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## RULE 26(f) REPORT

**Trial Date:**           September 23, 2013, at 9:30 a.m.

**Pretrial Conference Date**:   August 27, 2013, at 10:00 a.m.

**Type of Trial (Bench or Jury)**  Jury

Estimated length of trial is 3 court days.

1. **Participants:**

   | NAME | PARTY REPRESENTED |
   |---|---|
   | Mr. William L. Goode<br>The Goode Law Firm, A P.L.C.<br>P. O. Drawer 3366<br>Lafayette, LA  70502-3366 | PLAINTIFF,<br>BRUCE J. FALCON |

1

| | |
|---|---|
| Mr. John F. Wilkes, III<br>Ms. Joy C. Rabalais<br>P. O. Box 4305<br>Lafayette, LA 70502-4305 | DEFENDANTS,<br>OFFICER MARK VENABLE,<br>in his individual capacity<br>OFFICER REGINALD HILTS,<br>in his individual capacity and<br>THE CITY OF SCOTT,<br>LOUISIANA |

2. **Affirmation Regarding Initial Disclosures:**

The parties have complied with the initial disclosure requirements of Fed.R.Civ.P. 26(a)(1) by the deadline contained in the Scheduling Order.

3. **Jurisdictional Basis**:

Jurisdiction in this case arises under 28 U.S.C. §1331 as to the claims alleged under 42 U.S.C. §1983, 28 U.S.C. §1343, and supplemental jurisdiction under 28 U.S.C. §1367 as to Plaintiff's state tort claims.

4. **Brief Description of Plaintiff's Claims**:

   A. **The Specific Facts Which Support the Claim or Claims:**

   Plaintiff, Bruce J. Falcon, contends that on September 21, 2011, while he was lawfully on property owned by his wife, Linda Falcon, Officers Reginald Hilts and Martin Venable of the City of Scott, Louisiana Police Department, without any probable cause whatsoever to do so and without an arrest warrant, grabbed Mr. Falcon and shoved him up against the door of a building next to which they were standing and then slammed Mr. Falcon's head against the concrete slab on which they were standing, which caused a laceration on the top/front of Mr. Falcon's head which bled profusely and required 6 staples to close, fractured Mr. Falcon's lateral, left, fourth rib and abraded and bruised Mr. Falcon's face, arm and shoulders and then handcuffed Mr. Falcon behind his back. At the time this happened, Mr. Falcon was 62 years old and in a very weakened physical condition because of chronic cirrhosis of the liver which was caused by hepatitis C, all of which caused Mr. Falcon's spleen to enlarge. Mr. Falcon's blood was very

"thin" because of the cirrhotic liver's decreased production of blood clotting factors such as platelets, which rendered Mr. Falcon a potential "free bleeder". Mr. Falcon had been warned by his doctors to be very careful about getting cut or bruised because his blood might not clot and he could possibly bleed to death. Because Mr. Falcon was in great pain, bleeding and scared, he asked the officers to call for an ambulance, which one of them did. The officers required that Mr. Falcon be transported to Southwest Medical Center in handcuffs. At the request of the medical personnel, Officer Venable re-handcuffed Mr. Falcon with his hands in front, instead of behind him, in order to facilitate Mr. Falcon's medical treatment. Mr. Falcon was in fact transported to Southwest Medical Center in Lafayette in handcuffs and while at Southwest Medical Center, one of the police officers removed Mr. Falcon's handcuffs and allowed Mr. Falcon to sign a summons to appear in court.

Mr. Falcon is still receiving medical treatment because of the injuries to his neck and head.

**B. The Law Supporting Claim:**

The actions of Officers Hilts and Venable violated the Fourth and Fourteenth Amendments to the Constitution of the United States of America because they constituted deliberate indifference to and/or reckless disregard of Mr. Falcon's constitutional rights when they unlawfully seized Mr. Falcon and used excessive force while doing so. The defendants are not entitled to qualified immunity because they violated Mr. Falcon's clearly established rights and their actions were objectively unreasonable. The defendants did not follow the proper procedures required by City Ordinances 1988-10 and 1993-3 and, therefore, they did not have any legal right to be on the property in the first place. The defendants selectively enforced the ordinances. The actions of the officers also violated Louisiana law regarding false arrest and battery pursuant to Louisiana Civil Code Articles 2315, 2316 and 2320 and Article 1, Sections 2, 3, 5 and 7 of the Louisiana Constitution of 1974.

**C. The Remedy Prayed For as to Mr. Falcon:**

Officers Hilts and Venable were sued only in their individual capacities and Mr. Falcon should recover compensatory and punitive damages from them as well as 1988 attorney fees, expert fees, legal interest from date of legal

demand and costs. Mr. Falcon does not seek punitive damages from the City of Scott, Louisiana, however, Mr. Falcon does seek compensatory damages from the City of Scott, Louisiana for the state law claims under the doctrine of respondeat superior. There is no *Monell* claim.

5. **Brief Statement of Responses by Defendants**:

Defendants, OFFICER MARK VENABLE, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF SCOTT; OFFICER REGINALD HILTS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A POLICE OFFICER FOR THE CITY OF SCOTT; and the CITY OF SCOTT, deny that they are guilty of any violation of the plaintiff's constitutional rights. Defendants further contend that they acted in good faith and with probable cause as to each and every act or omission alleged by the plaintiff.

Having refused to comply with City Ordinances 1988-10 and 1993-3, workers were sent to plaintiff's property to cut the grass and weeds. Plaintiff refused to allow the workers to do their jobs and sent them off of his property. From past experience with plaintiff for similar matters, the defendant police officers knew that plaintiff had, in the past, behaved similarly and interfered with their lawful activities, just as he did in this instance. Defendants had probable cause to detain and arrest plaintiff when he refused to produce identification and refused to sign any ticket or citation regarding the violation of City Ordinances. Plaintiff resisted arrest, and the appropriate, reasonable amount of force was used to effectuate his arrest.

Defendants complied with all legal duties as well as police policies and procedures in the arrest and did not violate any rights of the plaintiff.

Defendants contend that they are entitled to qualified immunity from suit and liability in their individual capacities, as they did not violate any clearly established rights of the plaintiff and/or were acting objectively reasonable in the performance of their duties.

Defendants further contend that their actions did not constitute deliberate indifference to the rights of the plaintiff. Any action and/or inaction alleged by the plaintiffs did not amount to a deliberate indifference and/or reckless disregard or conduct so arbitrary as to shock the conscious necessary for a

14th Amendment due process violation, pursuant to *County of Sacramento vs. Lewis*, 523 U.S. 833, 118 S.Ct. 1708 (1998).

Likewise, defendants contend that the City Ordinances at issue are enforced with equal measure against all persons and/or entities within the city limits of the City of Scott, and that there was no selective enforcement of said ordinances against plaintiff herein.

Additionally, defendants deny (and plaintiff confirms) that there is no vicarious liability under Section 1983. Defendants also claim that all police officers are trained and supervised adequately. There is no official policy, custom, or practice promulgated by or officially sanctioned or ordered by the City of Scott that caused in whole or in part any alleged violation of plaintiffs' constitutional rights, and thus, no *Monell* liability exists (as confirmed by plaintiff above).

Finally, defendants deny any negligence and/or intentional acts and contend that, with respect to plaintiff's state law claims, they are entitled to either statutory or discretionary immunity. Defendants also reassert all defenses pled in their answers.

Defendants contend that this suit is without merit, frivolous, and ungrounded in law and fact. Accordingly, pursuant to 42 U.S.C. § 1988, defendants request attorneys fees, expert fees, and costs from plaintiffs.

6. **Anticipated Amendments to Pleadings and Motions:**

The Plaintiff does not anticipate any amendments to pleadings at this time. Plaintiff intends, once discovery is complete, to file a Motion for Summary Judgment on the issue of Defendants' liability for all claims. Plaintiff may also file Motions in Limine on evidentiary matters. If the case does not settle when Plaintiff prevails at trial, a 1988 Motion for Attorney's Fees, Expert Fees and Costs will be filed.

Defendants intend to file a Motion to Dismiss and/or a Motion for Summary Judgment after adequate discovery is conducted. Defendants may also file Motions in Limine regarding various evidentiary matters, or make a Federal Rule 68 Offer of Judgment and move to have their rights for attorneys' fees recognized. Defendants may also move for an award of attorneys' fees,

expert fees, and costs incurred in defending this action pursuant to 42 U.S.C. § 1988 after termination of this action, should they be deemed the prevailing parties herein.

7. **Anticipated Expert Witnesses**:

The Plaintiff does not anticipate calling an expert witness at this time.

Defendants will call an expert in the field of police policy and procedure, should plaintiff name one by the deadline and the Court's Scheduling Order. If so, defendants' expert will be Dr. Larry Gould.

8. **Discovery Plan**:

The parties do not anticipate that this case will require a specialized discovery plan.

9. **Stipulations**:

Defendants are willing to stipulate that Officers Mark Venable and Reginald Hilts were in the course and scope of their employment at the time of the incident sued upon.

10. **Major Issues of Fact and Law in Dispute**:

The Parties contend the major issues of fact and law in dispute are:

1. The facts and circumstances surrounding the incident sued upon;

2. Whether Plaintiff was deprived of any constitutional and/or civil rights;

3. Whether any injuries or damages resulted, either physically or mentally, directly or indirectly, as a result of the incident herein;

4. Whether Defendants acted negligently and/or committed any intentional acts which caused the damages alleged by Plaintiff;

5. Whether Defendants, Officer Mark Venable and Officer Reginald Hilts, are entitled to qualified immunity from liability and/or suit in their individual capacities;

6. Whether the actions of Officer Mark Venable and Officer Reginald Hilts were in deliberate indifference to the constitutional rights of Plaintiff;

7. Whether the Defendants, Officer Mark Venable and Officer Reginald Hilts are entitled to discretionary and/or statutory immunity for Plaintiff's state tort law claims generally, and specifically whether they are entitled to statutory immunity pursuant to La. R.S. 46:2142;

8. Whether the City of Scott is liable under a theory of *respondeat superior* for Plaintiff's state tort law claims;

9. Whether the Defendants are entitled to attorney's fees and/or costs and/or expert fees pursuant to 42 U.S.C.A. 1988;

10. Whether Plaintiff is entitled to attorney's fees and/or costs pursuant to 42 U.S.C.A. 1988;

12. Whether Bruce J. Falcon exacerbated his injuries in any manner;

13. Whether the medical expenses incurred by Bruce J. Falcon were reasonable, considering the degree of his alleged injuries; and,

14. Any and all other issues of law or fact inherent in the pleadings filed into this matter.

15. Whether the defendant police officers intentionally, deliberately and/or indifferently violated the constitutional civil rights of plaintiff;

16. Whether the plaintiff is entitled to recovery of punitive damages and/or attorney fees given the facts and circumstances of the case;

17. Whether the defendant police officers, acted in good faith and with probable cause;

18. Whether the force used by the defendants to effectuate plaintiff's lawful arrest was objectively reasonable under the facts and circumstances;

19. Whether there was exigent and/or emergency circumstances justifying all actions on the part of the defendant police officers under the circumstances;

20. Whether defendants violated plaintiff's due process rights due to selective enforcement of the City Ordinances at issue herein;

21. Whether plaintiff himself is to blame for the injuries he allegedly sustained by failing to follow lawful orders and/or to peaceably submit to his lawful arrest;

22. What percentage, if any, did plaintiff's own actions contribute to his alleged injuries and/or damages;

23. Whether there is medical causation for any/all physical and emotional injuries claimed by plaintiff;

24. Whether the City of Scott had any deficient polices and/or practices which led to a deprivation of plaintiff's constitutional rights;

25. Whether the defendant police officers were properly trained and/or supervised by the City of Scott;

26. Whether there is any basis for any *Monell* liability on the part of the City of Scott;

27. Whether the City of Scott is liable under a theory of *respondent superior* for plaintiff's state tort law claims; and,

28. Whether the City of Scott had in place customs and policies that resulted in the violation of plaintiff's Constitutional rights.

11. **Related Case Information**:

   The criminal charges against Mr. Falcon remain pending in Scott City Court, docket #11-306549.

12. **Rule 16 Conference**:

   The parties do not believe that a Rule 16 Conference would be beneficial.

13. **Alternative Dispute Resolution (ADR)**:

   **Plaintiff**:   Plaintiff would participate in Alternative Dispute Resolution and believe that after discovery, a settlement conference would be useful.

   **Defendants**:   Defendants would participate in Alternative Dispute Resolution and believe that after discovery, a settlement conference may be beneficial and will advise the Court if one is so desired.

14. **Consent Trials**:

   Counsel are advised of their right to consent to a trial by Magistrate Judge, pursuant to 28 U.S.C. §636(c).  Plaintiff does not consent to trial by Magistrate Judge.  Defendants do not consent to trial by Magistrate Judge.

15. **Track Assignments**:

   Counsel are advised that this case is assigned to the general civil track, and are fully advised of the right to request a transfer to the accelerated or standby docket, and finally are advised the forms which must be signed by all counsel to request a change in the docket are available from the Clerk of Court in Lafayette, Louisiana.  The parties do not request any special track assignment with respect to this case.

16. **Electronic Courtroom**:

   Because of the early stages of this litigation, the parties are uncertain at this time as to the number of documents they reasonably anticipate will be offered as evidence at the trial of this matter.  However, the parties expect the number of document pages will exceed 25 and shall comply with the

court's requirement that the documents be burned onto a disk and presented and/or demonstrated via CD Rom.

17. **Electronically Generated Exhibits or Aids**:

The parties do not anticipate using any computer generated and/or electronically-generated exhibits or demonstrative aids at trial.

18. **Phase II Discovery**:

A Phase II discovery plan will not be needed, since there will be no electronically generated exhibits or demonstrative aids at trial.

19. **Handicap Provisions**:

The parties do not anticipate that any need for handicap accommodations will be necessary.

## CERTIFICATION BY COUNSEL

I HEREBY CERTIFY THAT THE FOREGOING IS ACCURATE AND COMPLETE.

WILLIAM L. GOODE
(#6128)

_____ 1/9/13
Signature                 Date:

JOY C. RABALAIS
(#26476)

_____ 1-9-13
Signature                 Date: